K. James CARPENTER, Appellant

v.

Ronald David ASHBY; Richard Anderson; James Proud; Stephanie Klein; William Wismer; Borough of Media; Borough of Media Police; James Weichert/Weichert Title Weichert of Pennsylvania; Kathrynann W. Durham; Howard Cohen; Vincent Mancini; Court of Common Pleas Media; Stephen A. Wydrzynski; Ward T. Williams.

No. 08–4021.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 8, 2009.

Opinion filed Sept. 10, 2009.

K. James Carpenter, Camden, NJ, pro se.

Matthew J. Connell, Esq., Holsten & Associates, Paul J. Toner, Esq., Vincent B. Mancini & Associates, Media, PA, Sheryl L. Brown, Esq., Deasey, Mahoney & Valentini, Mary E. Butler, Esq., Supreme Court of Pennsylvania Administrative Office of PA Courts, William F. McDevitt, Esq., Christie, Pabarue, Mortensen & Young, Patrick M. Northen, Esq., Dilworth Paxson, Philadelphia, PA, for Appellees.

Howard Cohen, Springfield, PA, pro se.

Ronald David Ashby, Media, PA, pro se.

William Wismer, Media, PA, pro se.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

## OPINION

### PER CURIAM.

K. James Carpenter, proceeding *pro se*, filed an action in the District Court alleging misconduct and violations of the Civil Rights Act of 1866, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §§ 1985–1988 by fifteen defendants, stemming from his purchase of rental property in Media, Pennsylvania, in 1994. The District Court dismissed his complaint. Carpenter appeals that decision. We will affirm.

### I

Though Carpenter and the Appellees dispute numerous facts, the following facts are uncontroverted. Carpenter, a realtor, purchased commercial property from Eva Winters Johnson in 1994, subject to a mortgage. In 1997, Johnson brought suit to set aside the original transaction. The parties settled and reset the mortgage.

In a subsequent action filed by Ronald Ashby—an attorney assigned as trustee over the properties—related to the collection of rent from the Media properties, Magisterial District Judge Stephanie Klein rendered two judgments against Carpenter.

In 2001, Eva Winters Johnson's estate filed suit in the Delaware County Court of Common Pleas to recover the property, alleging that Carpenter had defaulted on the mortgage. Judge James Proud ordered Carpenter to deed the property to Johnson's estate. Judge Kathrynann Durham was subsequently assigned to the 2001 foreclosure action, and apparently either issued an order or rendered a judgment against Carpenter.

Also in 2001, Carpenter filed a complaint in the District Court that included a number of the same defendants to the present action, including the Borough of Media.[1]

---

1. In the 2001 complaint, Carpenter named "Media Borough Zoning Ordinances" as a defendant. In the instant complaint, he re- fers to "Borough of Media" and "Media Borough Zoning Ordinances" interchangeably.

*See* E.D. Pa. Civ. No. 01–CV–1828 (Surrick, J.). Carpenter's 2001 complaint alleged that the Borough of Media instituted racially discriminatory zoning practices. In March 2002, the District Court dismissed all of Carpenter's claims with prejudice. He appealed, and we dismissed the appeal as untimely. *Carpenter v. Johnson*, C.A. No. 05–3006 (order entered on November 3, 2005).

In April 2006, Carpenter filed the instant complaint for damages and injunctive relief against, *inter alia*, the Borough of Media and Magisterial District Judge Klein and Judge Proud, of the Delaware County Court of Common Pleas. Carpenter later amended his complaint to include, *inter alia*, Judge Durham of the Delaware County Court of Common Pleas. Each defendant filed a motion to dismiss. The District Court dismissed each claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II

On appeal, Carpenter raises six arguments.[2] Carpenter's first four claims allege state court error during the foreclosure proceedings.[3] Carpenter also claims that the District Court erred in dismissing his race discrimination claims against the Borough of Media and his judicial misconduct claims against the three judges of the Delaware County Court of Common Pleas.

Following the lead of Judge Surrick and Judge Dubois, we refer to the party solely as "Borough of Media."

2. In his notice of appeal, Carpenter states that he appeals all orders entered by the District Court in his case. Because Carpenter is an experienced litigant, we limit our consideration to the arguments raised in his appellate brief. Nevertheless, we remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### State Court Claims

■ Inasmuch as Carpenter's vague complaint can be read to include the state court error claims, this Court lacks jurisdiction to entertain them under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine deprives federal courts of jurisdiction to entertain a claim "if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir.2006) (internal citations omitted). The doctrine applies only to the narrow class of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Here, Carpenter alleges that Judges Proud, Durham, and Klein erred in their rulings against him. Specifically, he claims that the state courts violated Pennsylvania law, as each judge's decision constituted an "abuse of discretion," an "error of law," or a violation of the doctrines of *res judicata* and collateral estoppel. Because his claims amount to an invitation to review the state court decisions on grounds independent of constitutional or other federal law, we conclude that Carpenter's claims are barred by *Rooker–Feldman*.[4] Alternatively, to the

3. These four claims are actually set out in seven statements—four in his "Statement of the Questions Involved," and three in his "Summary of the Argument." The latter three statements merely paraphrase the allegations in the "Statement of Questions Involved."

4. Inasmuch as these claims were adequately raised before the District Court, the District Court also lacked jurisdiction to entertain them. *See FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

extent that Carpenter presents claims on appeal that are not barred by *Rooker–Feldman,* but which were not raised in the District Court, such claims are barred from consideration. *See Brown v. Philip Morris, Inc.,* 250 F.3d 789, 799 (3d Cir. 2001).

### Race Discrimination Claims

■ Carpenter alleges that "[t]he Borough of Media committed racist discrimination against Appellant under the Civil Rights Act of 1866." We construe this argument as a challenge to the District Court's dismissal with prejudice of Carpenter's claim that the Borough of Media conspired to discriminate against him because of his race.[5] We exercise plenary review of a Rule 12(b)(6) dismissal. *See Weston v. Pennsylvania,* 251 F.3d 420, 425 (3d Cir.2001). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12 only if it is certain that the complaint fails to include sufficient factual matter to state a facially plausible claim to relief. *See Ashcroft v. Iqbal,* 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Carpenter's complaint identified 42 U.S.C. §§ 1985–1988 and 18 U.S.C. § 241 and § 242 as the grounds for his discrimination claim. Section 1985 requires a plaintiff to allege that invidious racial, or otherwise class-based, discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir.1992) (internal citations omitted); *see also Iqbal,* 129 S.Ct. at 1949–51 (applying the same rule to *Bivens* actions). The District Court reasoned that Carpenter failed to allege any facts from which to infer discriminatory animus, and that there are insufficient facts in his complaint to support an inference that a conspiratorial agreement between any parties existed. We agree.[6]

"In order to maintain a cause of action under § 1986, [a plaintiff] must show the existence of a § 1985 conspiracy." *Clark v. Clabaugh,* 20 F.3d 1290, 1295 n. 5 (3d Cir.1994). As the District Court held, because Carpenter failed to sufficiently allege a § 1985 violation, he could not assert a cause of action under § 1986.

■ Likewise, Carpenter's claims under § 1987 and § 1988 were properly dismissed. Section 1987 authorizes and requires certain federal officers to initiate prosecutions for particular violations. On its face, § 1987 does not authorize a private right of action. And Carpenter points to no authority suggesting that § 1987 implicitly authorizes a private right of action. Nor does § 1988 provide for a private cause of action. *See Moor v. County of Alameda,* 411 U.S. 693, 702, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

---

**5.** Carpenter's complaint identified a different statutory basis, discussed below, for his race discrimination claim.

**6.** Inasmuch as Carpenter's complaint can be construed to include a claim under the Civil Rights Act of 1866, i.e., 42 U.S.C. § 1981, the claim lacks merit for the same reason. To set forth a claim under § 1981, a plaintiff must allege, *inter alia,* "an intent to discriminate on the basis of race by the defendant." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993). Here, Carpenter has not alleged any facts from which a discriminatory animus on the part of the Borough of Media might be inferred.

Finally, we agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action. *See, e.g., United States v. Philadelphia,* 644 F.2d 187, 199 (3d Cir.1980).

### Judicial Misconduct Claims

■ Carpenter contends that the District Court erroneously dismissed his complaint as to the three judicial defendants under the doctrine of judicial immunity because the defendants failed to affirmatively plead judicial immunity. This allegation is factually incorrect, as all three judicial defendants raised the judicial immunity doctrine in their Rule 12(b)(6) motions. *See* Doc. No. 48 (Judges Proud and Klein); Doc. No. 109 (Judge Durham). Moreover, the District Court correctly reasoned that these defendants are entitled to absolute judicial immunity.

### Reply Brief Claims

■ In his reply brief, Carpenter for the first time raises claims as to the propriety of Judge Surrick's conduct with regard to his 2001 case. We will not address claims in this appeal that Carpenter could have raised had he filed a timely appeal from the decision in his 2001 case.

Likewise, although Carpenter raised no claims related to Appellee Anderson in his initial brief, his reply brief alleges misconduct on Anderson's part. We will not consider claims in the reply brief that Carpenter neglected to include in his initial appellate brief. *See AFL–CIO v. Foster,* 26 F.3d 375, 398 (3d Cir.1994).

Accordingly, we will affirm the decision of the District Court. All motions to supplement the record are denied. Raffo's motion to dismiss Mr. Raffo as a party pursuant to Federal Rule of Appellate Procedure 43 (suggestion of death) is granted; the Clerk is directed to amend the caption. Wismer's motion to quash the subpoena is granted in part, but denied as to the imposition of sanctions. Ashby's motion for sanctions is denied.